## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELANA H. JOHNSON<br>4541 Pimlico Road<br>Baltimore, MD 21215<br><br>  Plaintiff<br><br>vs<br><br>WAWONA DELAWARE HOLDINGS, LLC<br>Serve On: The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington<br>New Castle, DE 19801<br><br>  Defendant | Case No.<br><br><br>Jury Trial Requested |

-------------------------------------------------------

## COMPLAINT

Elana H. Johnson, Plaintiff, by Joel G. Fradin, her attorney, sues Wawona Delaware Holdings, LLC, (hereinafter - "Wawona") and says:

### COUNT 1
### (**Products Liability - Strict Liability**)

1. That on or about August 13, 2020 the Plaintiff was a business invitee on the premises of Wegman's Food Market in Owings Mills, Baltimore County, Maryland, for the purpose of food shopping. While in the produce department Plaintiff saw a bag of five Wawona-brand peaches and put the bag in her cart. Plaintiff purchased the peaches at Wegmans prior to leaving the store. Plaintiff avers that she ate one of the peaches on the way home, and consumed the remaining four peaches later.

1

2. Plaintiff further alleges that there were no warnings posted either on the bag of peaches or anywhere in the vicinity of the peaches advising customers that the peaches in question were contaminated with salmonella.

3. Plaintiff avers that she was in excellent health and had no gastro-intestinal complaints before eating the peaches in question. Plaintiff further avers that on the day after she had consumed the remaining peaches she became ill, experiencing severe gastro-intestinal complaints as well as headaches, nausea, vomiting, bleeding and severe diarrhea, all of which grew progressively worse as time passed. Plaintiff alleges that, shortly after she ate the last peach she received a telephone call from Wegmans advising her that there had been a recall of the bagged Wowona peaches which she had eaten, because they were contaminated with salmonella. After receiving this information Plaintiff went on the internet and found a company recall announcement by "Prima Wawona" dated August 21, 2020 for bagged peaches sold and distributed by "Prima Wawona", due to "potential salmonella contamination".

4. Plaintiff alleges that the peaches she purchased were grown by Defendant "Wawona" and placed into the stream of commerce by Defendant "Prima Wawona" of Fresno, California. Plaintiff further alleges that the Defendant Wawona Delaware Holdings, LLC is the parent company of "Prima Wawona", which grew and distributed the tainted peaches which Plaintiff purchased at Wegmans on the aforementioned date. She further avers that, according to the Wawona recall announcement, the peaches in question were distributed and sold to various vendors, including the Wegmans store in Owings Mills, MD, from June 01 to August 19, 2020.

5. Plaintiff contends that the "Wawona" bagged peaches she purchased at Wegmans were expected to and did reach her without substantial change in their salmonella-contaminated condition and were in that same contaminated condition at the time of purchase by Plaintiff.

6. Plaintiff avers that, shortly after consuming the peaches in question, she became ill with severe gastro-intestinal complaints, which condition was later diagnosed as salmonella poisoning. Plaintiff has continued to suffer excruciating and embarrassing symptoms and complaints related to her salmonella poisoning which have persisted for the past two years.

7. Plaintiff contends that the bagged peaches in question were in a defective condition (i.e. - contaminated with salmonella) and unfit for human consumption at the time they left the possession and control of the Defendant, and that the peaches were expected to and did reach the Plaintiff without substantial change in their condition. Plaintiff further contends that the peaches in question were unreasonably dangerous to the Plaintiff due to contamination by salmonella.

## COUNT II
(**Negligence**)

8. Plaintiff repeats, re-alleges and incorporates herein by reference all allegations of fact set forth in Count I of the Complaint, as if the same were herein set forth in full.

9. Plaintiff contends that the Defendant "Wawona" owed a duty to consumers of their peaches to use reasonable care in the growing and packaging of their peaches so as to prevent biological contamination of their peaches and to prevent bagged biologically contaminated peaches from reaching the consumer. This duty includes the duty to perform frequent and periodic testing of their peaches and the bags in which the peaches are distributed, in order to make sure that the peaches do not become biologically contaminated. Additionally, Plaintiff contends that the Defendant owed a duty to the Plaintiff to make sure that "Wawona" employees involved in the handling and packaging of peaches intended to enter the stream of commerce are provided with access to, and make frequent use of, sanitation products calculated and intended to kill bacteria and other biological contaminants, including salmonella, which could render their food products

unfit for human consumption. This duty also requires that employees be properly supervised, especially regarding proper sanitation procedures, to make sure that they are free of biological contaminants on their hands, bodies and clothing, when handling food products such as peaches. It also includes a duty to perform frequent inspections and testing of employees, their peaches, and the bags in which their peaches are shipped, to make sure that biological contaminants do not reach and taint the food products which they distribute.

10. Plaintiff contends that the Defendant also owed a duty to consumers of their food products, including the Plaintiff, to give prompt and adequate warnings as soon as possible after discovering that their food products contain dangerous biological contaminants. Plaintiff contends that Defendant breached its duty to her, and was negligent, in failing to take reasonable measures to make certain that their employees maintained proper sanitary conditions when handling the peaches and the bags in which they were shipped; in making sure that the peaches were not contaminated by salmonella before placing them in the stream of commerce; in permitting salmonella-contaminated peaches to enter the stream of commerce; and in failing to recall the peaches in question in time to have prevented their being sold to anyone, including the Plaintiff.

11. Plaintiff alleges that as a result of the Defendant's alleged misconduct in placing salmonella contaminated peaches in the stream of commerce, as set forth in Count 1 of this Complaint; and/or their negligence as set forth in Count 2 of this Complaint, she was caused to incur serious, painful and permanent injury to her gastro-intestinal system; to suffer great physical pain and discomfort; to experience great embarrassment, humiliation and mental anguish due to the nature of her gastro-intestinal complaints; to incur great expense for medical care and treatment; to lose time and wages from her employment, and eventually to lose her employment

itself; and she was otherwise injured and damaged.

WHEREFORE, Plaintiff claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

/s/
_____
JOEL G. FRADIN #00481
CPF#7012010060
Nottingham Center - Suite 730
502 Washington Avenue
Towson, Maryland 21204
(410) 337-9214
(410) 337-9437 (Fax)
jgfradin@verizon.net

and

/s/
_____
ROBERT E. JOYCE #26427
841 E. Fort Avenue
#250
Baltimore, MD 21230
(443) 904-5706
*Rejoycelaw@aol.com*

Attorneys for Plaintiff